UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: 3:17-cv-576-J-34MCR

MISTY D. CARMICHAEL,

      Plaintiff,

v.

COSMOS HOSPITALITY, INC., a Florida for-profit
corporation d/b/a STARS REST INN; ZODIAC21,
INC., a Florida for-profit corporation; YBO
PARTNERS, INC., a Florida for-profit corporation
f/k/a ZODIAC INN, INC.; DEV SHARMA, an
individual; ARUN KAUSHAL, an individual;
SANDIPA R. KAUSHAL, an individual,

      Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, MISTY D. CARMICHAEL, ("CARMICHAEL"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, COSMOS HOSPITALITY, INC., a Florida for-profit corporation d/b/a STARS REST INN, (hereinafter "COSMOS"); ZODIAC21, INC, a Florida for-profit corporation, (hereinafter "ZODIAC21"); YBO PARTNERS, INC. a Florida for-profit corporation f/k/a ZODIAC INN, (hereinafter "YBO"); DEV SHARMA, an individual, (hereinafter "SHARMA"); ARUN KAUSHAL, an individual; (hereinafter "A. KAUSHAL"), and SANDIPA R. KAUSHAL, an individual, (hereinafter "S. KAUSHAL"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq*, (hereinafter "FLSA"); and

minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants, COSMOS, ZODIAC21, and YBO, were "enterprise[s] engaged in commerce," and each employed two or more employees. At all times pertinent to this Complaint, the corporate Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants operated motels that attracted travelers moving in interstate commerce. As part of working at the Defendants' motels, the Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. In addition to the foregoing, the Plaintiff are entitled to the protections of the FLSA as she was "individually covered" by that statute. During the Plaintiff's employment, she was required to use instrumentalities of interstate commerce. The Plaintiff used instrumentalities of interstate commerce (mail, faxes, and telephone calls) to, *inter alia,* assist in the operating of the Defendants' hotel, particularly as to hotel guests residing out-of-state.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

   and,

   b. Defendants were and continue to be a companies and individuals doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, CARMICHAEL was and continue to be a resident of Jacksonville, Duval County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendant, COSMOS, IZODIAC21, and YBO, were conducting their businesses in Jacksonville, Duval County, Florida, with their principal place of business in that city.

11. At all times material hereto, Defendants were the employers of Plaintiff, CARMICHAEL.

12. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

13. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, CARMICHAEL her lawfully earned wages in conformance with the FLSA.

14. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendant, COSMOS, ZODIAC21, and YBO were and continue to be an "enterprise[s] engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, CARMICHAEL was directly essential to the businesses performed by Defendants.

17. Plaintiff, CARMICHAEL has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. From about September 20, 2014 to the present, Plaintiff worked as a front desk clerk at the Defendants' hotel.

19. Plaintiff, CARMICHAEL was paid no wages during her employment, but instead, the Defendants charged her an exorbitant retail rate for her living quarters at the subject hotel. The amount charged to the Plaintiff for lodging did not bear any relationship to the Defendants' reasonable cost for such lodging.

20. Defendants required Plaintiff to reside at the subject hotel, which was for the benefit and convenience of Defendants and their customers.

21. Plaintiff, CARMICHAEL received no minimum wages during her employment, thereby being paid below the applicable minimum wage.

22. In addition, Plaintiff, CARMICHAEL was not paid overtime wages for her hours in excess of 40 in each workweek.

23. Defendants knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

24. Defendants, SHARMA, A. KAUSHAL, and S. KAUSHAL were supervisors and/or owners who were involved in the day-to-day operations of the Defendant businesses and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

25. Defendants, SHARMA, A. KAUSHAL, and S. KAUSHAL were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, CARMICHAEL.

26. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

27. Plaintiff, CARMICHAEL repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff, CARMICHAEL's employment with the Defendants was to consist of a normal work week for which she should have received time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

29. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours. Plaintiff, CARMICHAEL was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

30. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, CARMICHAEL, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due them.

31. Defendants knew of and/or showed a willful and malicious disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, CARMICHAEL, at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

32. Defendants failed to properly disclose or apprise Plaintiff, CARMICHAEL, of her rights under the FLSA.

33. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, CARMICHAEL is entitled to liquidated damages pursuant to the FLSA.

34. Due to the willful and unlawful actions of the Defendants, Plaintiff, CARMICHAEL has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

35. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, CARMICHAEL, respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

c.  Awarding Plaintiff liquidated damages in the amount calculated;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.  Awarding Plaintiff post-judgment interest; and

f.  Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

36. Plaintiff realleges Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

37. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

38. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

39. Plaintiff worked hours for the Defendants for which she was paid below the statutory minimum wage for her hours. Indeed, Plaintiff, CARMICHAEL, was paid no wages for her work hours

40. The Defendants' failure to pay Plaintiff the proper minimum wage was willful.

41. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable, as well as any monies Plaintiff was required to kickback/pay to the Defendants in lieu of receiving minimum wages;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

### **VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION**

42. Plaintiff, CARMICHAEL realleges Paragraphs 1 through 26 as if fully stated herein.

43. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay CARMICHAEL at least the applicable Florida minimum wage.

44. During Plaintiff, CARMICHAEL's employment, Defendants willfully paid her less than the statutory minimum wage for her work hours.

45. WHEREFORE, Plaintiff, CARMICHAEL, respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing, and other compensatory damages;

c. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g. declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. Awarding such other and further relief this Court deems to be just and proper

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: May 16, 2017.

>
> Respectfully submitted,
>
> BOBER & BOBER, P.A.
> Attorneys for Plaintiff
> 1930 Tyler Street
> Hollywood, FL 33020
> Phone: (954) 922-2298
> Fax: (954) 922-5455
> peter@boberlaw.com
> samara@boberlaw.com
>
> By: s/. Peter Bober
>     PETER BOBER
>     FBN: 0122955
>     SAMARA ROBBINS BOBER
>     FBN: 0156248