UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: 3:17-cv-00576-MMH-MCR

MISTY D. CARMICHAEL,

    Plaintiff,

v.

COSMOS HOSPITALITY, INC., et al.

    Defendants.

_____/

### AMENDED JOINT MOTION TO APPROVE MEDIATED SETTLEMENT AGREEMENT IN FLSA CASE, AND TO DISMISS PLAINTIFFS' CLAIMS WITH PREJUDICE

Pursuant to their mediated settlement agreement, and in light of the Court's Order (DE 74), COME NOW, the Plaintiff, MISTY CARMICHAEL (hereinafter, "Plaintiff"), and the Defendants, COSMOS HOSPITALITY, INC. d/b/a STARS REST INN, ZODIAC21, INC., YBO PARTNERS, INC. f/k/a ZODIAC INN, INC., SA HOSPITALITY GROUP, INC., DEV SHARMA, ARUN KAUSHAL, and SANDIPA R. KAUSHAL (collectively, the "Defendants"), and hereby file this Amended Joint Motion to Approve Settlement and Dismiss Plaintiff's Claims with Prejudice, and state the following in support thereof:

The Plaintiff filed an Amended Complaint (DE 31) alleging that the Defendants violated the Fair Labor Standards Act' minimum wage and overtime wage requirements. *See* 29 U.S.C. §201 *et seq*. The Plaintiff also alleged in the Amended Complaint that Defendants failed to pay minimum wages in conformance with Florida law. *See* Art. X §24 Fla. Const. The Defendants filed their Answers and Affirmative Defenses (DE #'s 31 and 38) disputing all liability.

1

Thereafter, the Plaintiff filed a Motion Seeking Preliminary Certification and Notice to Employees Similarly Situated (DE 44). The Defendants filed their Response in Opposition thereto (DE 57). That Motion is presently pending.

On March 1, 2018, the Plaintiff and the Defendants attended an 8+ hour mediation in Jacksonville, Florida with mediator Gregg Wirtz, Esq. The Parties were able to settle the case at mediation. Pursuant to <u>Lynn's Food Stores, Inc v United States</u>, 679 F. 2d 1350 (11 Cir. 1982), employment and wages claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Accordingly, the Parties respectfully request that the Court review and approve the attached copy of the Settlement Agreement.

## I.    The Settlement

Under the terms of settlement, the Defendants have agreed to pay Plaintiff, the five (5) opt-in plaintiffs, and their counsel, a total of $129,000.00 as follows:

| Plaintiff/Opt-in Plaintiff: | Amount: |
|---|---|
| Carmichael, Misty | **$19,051.11** |
| Kinney, Nicole | **$10,470.39** |
| Johnson, Tracy | **$, 7,500.00** |
| Lane, Amanda | **$15,731.60** |
| Lane, Gary | **$ 6,015.63** |
| Lane, Jennifer | **$ 9,607.25** |

Separately, the Defendants agreed to pay **$60,624.02** to Bober & Bober, P.A. for both attorneys' fees and costs.[1] The amount of attorneys' fees and being paid by the Defendants was negotiated

---

[1] Plaintiff's actual costs are $3,598.84; actual attorney's fees and costs to date, exceed $62,000.00:

as a separate amount from the amount paid to the Plaintiff,[2] and did not adversely affect the recovery of the Plaintiff or the opt-in plaintiffs. Moreover, the Plaintiff as well as the five (5) opt-in plaintiffs were directly involved in the settlement discussions that, ultimately, led to the March 1, 2018 settlement.

In this case, the Plaintiff alleged she and the opt-in plaintiffs were employed at the Defendants' motel in Jacksonville, Florida. The Plaintiff and the opt-in plaintiffs claimed that during the time they were employed, they both worked, *and* lived on the premises of the Defendants' motel.

During the time the Plaintiff and the opt-in plaintiffs allege to have lived at the Defendants' motel, the Defendants took a "credit" for the value of the rooms in which the Plaintiff and the opt-in plaintiffs lived. While section 3(m) of the Fair Labor Standards Act (FLSA), 29 U.S.C. 203(m), allows employers to include the reasonable cost of meals, lodging, or other facilities in employee wages for purposes of FLSA, the regulations promulgated by the Secretary of Labor define "reasonable cost" to be not more than the actual cost to the employer of the board, lodging, or other facilities customarily provided by him to his employees. 29 C.F.R. § 531.3(a). "'Reasonable cost' does not include a profit to the employer or any affiliated person." 29 C.F.R. § 531.3(b). The employer has the burden of showing that he is entitled to the credits claimed under § 3(m) of the FLSA. <u>Donovan v. New Floridian Hotel, Inc.</u>, 676 F.2d 468 (11th Cir.1982). Additionally, the regulations promulgated by the Secretary of Labor require employers to keep certain records of

---

[2] See <u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) ("[I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3*)* represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee. . . .)

the cost incurred furnishing board, food, lodging or other facilities, 29 C.F.R. § 516.27(a), and also require the employer to maintain, on a work-week basis, records reflecting additions to wages or deductions from wages for board, lodging, or other facilities. Id. § 516.28(b).

In this case, a primary argument between the Parties is whether the Defendants were permitted to take a 3(m) FLSA room credit against the minimum wages paid to the Plaintiff and the opt-in plaintiffs. Here, the Plaintiff argues that the room credit taken exceeded the "reasonable cost" to the Defendants. In other words, the Plaintiff argues that the Defendants charged the Plaintiff and the opt-in plaintiffs *more* than the Defendants' actual cost.

The Defendants adamantly dispute that point. Here, the Defendants argue that they have no liability whatsoever because the room credits taken were both reasonable and did not exceed their reasonable cost. The Defendants maintain they complied with the FLSA at all times. Although the entitlement to a room credit is the most complex factual dispute between the Parties, there are other significant disagreements between the Parties. The other factual disputes between them include:

a. Whether all of the Defendants are "covered enterprises" under the FLSA by virtue of having gross revenues less than $500,000 per year;

b. The number of hours worked by the Plaintiff and the opt-in plaintiffs, each day and each week;

c. Whether the records kept by the Defendants comply with the FLSA insofar as taking a Section 3(m) room credit against minimum wages;

d. Whether the Defendants acted willfully insofar as limiting the statute of limitations under the FLSA and the Florida Minimum Wage Amendment;

4

    e.    Whether the Defendants acted in good faith, and relied upon Department of Labor regulations in so far as taking a Section 3(m) credit, so as to prevent the imposition of liquidated (double) damages;

    f.    Whether the individual Defendants have personal liability under the FLSA;

    g.    Whether less than all the Defendants would be "employers" under the FLSA, particularly in light of the Plaintiff and some of the opt-in plaintiffs having executed independent contractor agreements; and,

    h.    Whether there are/were workers who were similarly situated to the Plaintiff.

Here, if the Court were to find that the room credit used by the Defendants was reasonable and did not exceed Defendants' reasonable cost, the Plaintiff and the opt-in plaintiffs could, potentially, recover nothing in this action. Rather than take the risk of getting nothing, the Plaintiff and the opt-in plaintiffs decided to settle the case at this juncture.

This case was settled after the Parties had reviewed many thousands of pages of documents and the attorneys had many discussions regarding disputed facts and defenses. Moreover, as the docket reflects, the Parties have vigorously pursued their clients' interests. Notwithstanding, however, the Parties believe an amicable settlement will save client, attorney and judicial resources.

### **Memorandum of Law**

Pursuant to <u>Lynn's Food Stores, Inc v United States</u>, 679 F. 2d 1350 (11 Cir. 1982), employment and wages claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Accordingly, the Parties respectfully request that the Court review and approve the attached copy of the Settlement Agreement. The Parties stipulate

that the settlement reached between them represents a "fair and reasonable" resolution of Plaintiffs' claims. There was no collusion behind the settlement. The parties settled this case after the attorneys engaged in significant amounts of discovery and face-to-face discussions at mediation about the strengths and weaknesses of the parties' respective positions. Moreover, the Plaintiff and the opt-in plaintiffs were intimately involved in fashioning a settlement they can all live with.

The settlement is also reasonable because of the expense and likely duration of the litigation. With the Plaintiff, five opt-in plaintiffs—the potential for many more depending on how the Court were to rule on the Motion for Preliminary Certification (DE 44)—the numerous factual disputes, and the likelihood of at least 15 to 20 depositions being taken in this case, a resolution of this case reduces the expenses to all sides. Had the parties not settled at this juncture, the parties would have had to file time-consuming motions for summary judgment, and, this case would likely have gone to trial given the factual nature of the Plaintiff's allegations and the Defendants' defenses.

WHEREFORE, based on the foregoing, the Parties respectfully request that this Court approve and ratify the attached Settlement Agreement, and dismiss the case with prejudice.

Respectfully submitted this 27th day of March 2018 by,

| /s_Peter J. Bober, Esq.<br>Peter@boberlaw.com<br>FBN: 0122955<br>FBN: 0156248<br>Bober & Bober, P.A.,<br>1930 Tyler Street<br>Hollywood, FL  33020<br>Telephone:  (954) 922-2298<br>Facsimile:  (954) 922-5455<br>*Attorneys for Plaintiff and the Opt-In Plaintiffs* | /s Edward L. Birk<br>Florida Bar No.: 68462<br>MARKS GRAY, P.A.<br>Post Office Box 447<br>Jacksonville, Florida 32201<br>Telephone: (904) 398-0900<br>Facsimile: (904) 399-8440<br>Email: ebirk@marksgray.com<br>           npulignano@marksgray.com<br>*Attorney for Defendants* |
|---|---|