UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MISTY D. CARMICHAEL, on behalf of
herself and other similarly situated
employees,

        Plaintiff,

v.                                                      CASE NO. 3:17-cv-576-J-34MCR

COSMOS HOSPITALITY, INC., et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Amended Joint Motion to Approve Mediated Settlement Agreement in FLSA Case, and to Dismiss Plaintiffs' Claims With Prejudice (the "Joint Motion"). (Doc. 75) The undersigned has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons stated herein, the undersigned recommends that the Joint Motion be **GRANTED**, the Settlement Agreement (Doc. 75-1) be **APPROVED**, and the case be **DISMISSED with prejudice**.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation] a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was not made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

1

I.  Background

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Florida Minimum Wage Amendment seeking to recover, *inter alia*, overtime compensation, minimum wage payments, liquidated damages, attorney's fees, and costs for Defendants' alleged failure to compensate her at the statutory rate of one and one-half times her regular rate of pay for any overtime hours worked.[2]  (Doc. 31.)  Following mediation, Defendants, without admitting any liability and after raising complete defenses, reached a settlement agreement to resolve this action.  (Doc. 75 at 2, 4-5.)  The parties ultimately reduced their arrangement to a settlement agreement.

On March 19, 2018, the parties filed a joint motion to approve the FLSA settlement and to dismiss the case with prejudice.  (Doc. 73.)  The parties attached their settlement agreement to the motion.  (Doc. 73-1.)  The settlement agreement contained a confidentiality clause.  (*Id*. at 4-5.)  On March 20, 2018, Judge Howard referred the matter to the undersigned for preparation of a report and recommendation.  On March 26, 2018, the Court issued an order stating that it could not approve the settlement agreement while it included a confidentiality/non-disparagement clause.  However, because the remainder of

---

[2] This action was also brought on behalf of other similarly situated motel customer service employees.  (Doc. 31.)  To date, Tracey Johnson, Nicole Kinney, Amanda Lane, Gary Lane, and Jennifer Lane have joined in this action as opt-in Plaintiffs.  (*See* Docs. 32-34, 39, 41.)

the settlement and settlement agreement appeared to be reasonable, the Court took the motion under advisement pending the parties' filing of a revised settlement agreement in compliance with the Order. (Doc. 74.)

On March 27, 2018, the parties filed the Joint Motion with the revised Settlement Agreement, eliminating the confidentiality/non-disparagement provision in compliance with the Court's Order. (Doc. 75 & 75-1.) Thus, the matter is ripe for review.[3]

## II. Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard

---

[3] Because the parties filed the Joint Motion (as opposed to just the revised Settlement Agreement), the original motion (Doc. 73) has been terminated.

wages and oppressive working hours, and to prohibit the contracting away of these rights.  *Id.* at 1352.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.  "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 Fed. App'x 349, 351 (11th Cir. Jan. 13, 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other courts in this district have

indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-1204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III. Analysis

Pursuant to the parties' settlement, Plaintiff/Opt-in Plaintiffs will receive the following amounts: (a) $9,525.56 to Misty Carmichael for unpaid overtime and minimum wages and $9,525.55 to Misty Carmichael for liquidated damages; (b) $5,235.20 to Nicole Kinney for unpaid overtime and minimum wages and $5,235.19 to Nicole Kinney for liquidated damages; (c) $3,750.00 to Tracy Johnson for unpaid overtime and minimum wages and $3,750.00 to Tracy Johnson for liquidated damages; (d) $7,865.80 to Amanda Lane for unpaid overtime and minimum wages and $7,865.80 to Amanda Lane for liquidated damages; (e) $4,803.63 to Jennifer Lane for unpaid overtime and minimum wages and $4,803.62 to Jennifer Lane for liquidated damages; (f) $3,007.82 to Gary Lane for unpaid overtime and minimum wages and $3,007.83 to Gary Lane for liquidated damages, and (g) Plaintiff's counsel will receive $60,624.02 for attorney's fees and costs. (Doc. 75-1 at 2-3.) The parties represent that the settlement is a fair and reasonable compromise of Plaintiff's claims when taking

into account the factual dispute regarding whether an appropriate lodging credit against minimum wages was taken from Plaintiff's (and the opt-in Plaintiffs') paychecks, as well as numerous other factual disputes between the parties. (Doc. 75 at 4-5.) Further, counsel for the parties "vigorously pursued their clients' interests," and the case was settled only after "the Parties had reviewed many thousands of pages of documents and the attorneys had many discussions regarding disputed facts and defenses." (*Id*. at 5.) The parties agree that the settlement "will save client, attorney and judicial resources." (*Id*.)

The undersigned has reviewed the proposed settlement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. *Lynn's Food Stores*, 679 F.2d at 1355. The recovery appears reasonable given the disputed issues in this case. Moreover, the parties are represented by counsel. Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

Moreover, there is no reason to believe that the amount of agreed-upon attorney's fees and costs affected the recovery. The parties represent that the fees and costs were negotiated separately from and without regard to the recovery. (Doc. 75 at 2-3.) Therefore, the undersigned finds no reason to scrutinize the fees and costs, *see Bonetti*, 715 F. Supp. 2d at 1228, as there is

nothing unreasonable from the face of the materials submitted before the Court. (*See* Doc. 75 at 2 n.1 (reflecting attorney's fees exceeding $62,000.00 and actual costs of $3,598.84 for work performed in the matter).)[4] Therefore, the undersigned recommends that no conflict of interest taints the amount to be recovered by Plaintiff (and opt-in Plaintiffs). The undersigned also recommends that counsel is being adequately compensated.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Joint Motion (**Doc. 75**) be **GRANTED**.

2. The Settlement Agreement be **APPROVED**.

3. The case be **DISMISSED WITH PREJUDICE**.

**DONE AND ENTERED** at Jacksonville, Florida, on April 5, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[4] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case is distinguishable from a case in which such analysis is necessary. This case provides no precedent for such a case since an in-depth analysis could produce a different result.